IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2070-FL

| | |
|---|---|
| ELIESEL ALICIA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOEL HERRON, et al., )<br>)<br>Respondents. ) | ORDER |

Eliesel Alicia, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion to dismiss (DE # 8) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Joel Herron ("Herron"). The matter is ripe for adjudication. For the following reasons, the court grants Herron's motion.

## STATEMENT OF CASE

On July 11, 2002, petitioner pleaded guilty in the Cumberland County Superior Court to conspiracy to commit first-degree murder and attempted first-degree murder. (Herron Mem. Ex. 1.) Petitioner then was sentenced to two hundred thirty-seven (237) to two hundred ninety-four (294) months imprisonment. (Id. at Exs. 1, 2, and 3.) Petitioner did not file a direct appeal.

On May 16, 2006, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Cumberland County Superior Court, which was summarily denied on August 21, 2006. (Herron Mem. Exs. 4 and 5.) On September 7, 2006, petitioner submitted a *pro se* petition for a writ of

certiorari to the North Carolina Court of Appeals. (Id. Ex. 6.) The court of appeals denied petitioner's petition on October 4, 2006. (Id. Ex. 8.)

On April 20, 2010,[1] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In his petition, petitioner alleges that he received ineffective assistance of counsel and that he was subject to double jeopardy pursuant to the Fifth Amendment of the United States Constitution. Petitioner also alleges that the trial court erred when it failed to dismiss his charge for conspiracy to commit first-degree murder.

On August 3, 2010, Herron filed a motion to dismiss, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Petitioner filed a response on August 12, 2010.

## DISCUSSION

I.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but

---

[1] Petitioner's petition was filed on April 23, 2010, but dated April 20, 2010. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his petition as April 20, 2010. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

II. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

3

Petitioner pleaded guilty and judgment was entered on July 11, 2002. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. As a result, petitioner's one-year statutory period began to run on July 25, 2002, and ran for three hundred sixty-five (365) days until it expired on July 25, 2003. Accordingly, petitioner's claim was filed after the expiration of the one year statute of limitations period.

Petitioner argues that the filing of his *pro se* MAR on May 16, 2006 tolled the one-year statute of limitations time period. However, the statutory period was not tolled because petitioner did not seek post-conviction relief until May 16, 2006, which was after the expiration of the statutory period. See McMillan v. Jarvis, 332 F.3d 244, 247 (4th Cir. 2003); Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000) (stating no tolling where statute of limitations expired before the pursuit of collateral review commenced). Accordingly, petitioner's MAR did not toll the one-year statute of limitation time period.

Petitioner also argues that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

4

Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner bases his equitable tolling claim on his assertion that he was unfamiliar with the legal pleading requirements and that he was unaware of the statute of limitations for filing a federal habeas petition. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling). Accordingly, petitioner's equitable tolling claim fails to satisfy the "extraordinary circumstances" standard, and he is not entitled to equitable tolling. Thus, petitioner's action is time-barred.

II.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and Herron is entitled to dismissal of the petition, the court considers whether petitioner nonetheless is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Herron's motion to dismiss (DE # 8) is GRANTED. The Clerk of Court is DIRECTED to close this case. The certificate of appealability is DENIED.

SO ORDERED, this the 9th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

6

Case 5:10-hc-02070-FL   Document 12   Filed 12/09/10   Page 6 of 6